UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

TRENIECE L. PARKER,  Case No. 16-20974-dob
    Debtor.  Chapter 13 Proceeding
                                                 Hon. Daniel S. Opperman
_____/

OPINION SUSTAINING CHAPTER 13 TRUSTEE'S OBJECTION TO
CLAIM OF WANIGAS CREDIT UNION (COURT CLAIM NO. 12-1)

The Chapter 13 Trustee, Thomas W. McDonald, Jr., objects to the Proof of Claim of Wanigas Credit Union because Wanigas Credit Union did not attach proof of perfection of its security interest in a 2015 Chrysler 200. Wanigas replies, indicating that its lien was not noted on the Certificate of Title of this vehicle because the Debtor did not give Wanigas the Certificate of Title to the vehicle and Wanigas therefore could not send the necessary application to the Michigan Secretary of State. Because a creditor must either deliver the necessary papers to the Michigan Secretary of State or otherwise have its lien noted on the Certificate of Title, the Court sustains the Trustee's Objection to Proof of Claim.

Findings of Fact

On April 1, 2016, the Debtor purchased a 2015 Chrysler 200 from Garber Chrysler and financed that purchase with Consumer Portfolio at an interest rate of 23.95%. The Debtor, on April 13, 2016, approached Wanigas to refinance the car she just purchased. Wanigas was able to reduce her interest rate to 5.99%, which correspondingly dropped her payment by approximately $80.00 per month. When Ms. Parker visited Mr. Lindsey, who was a Loan Officer and Member Service Representative of Wanigas, on April 13, 2016, she did not have a Certificate of Title because she

1

had just recently purchased the vehicle and the Certificate of Title was being processed by the Michigan Secretary of State. Wanigas did not make the loan on that date.

On April 26, 2016, the Debtor reappeared at Wanigas and was concerned because her first payment was due on May 1, 2016. She still did not have the Certificate of Title, but Wanigas advanced the monies to pay off Consumer Portfolio and had Ms. Parker sign an Application for Michigan Vehicle Title, Form TR-11L. Per Mr. Lindsey's Affidavit, "Ms. Parker signed a statement that indicated that she would submit the title to the Secretary of State to have Wanigas added as the lien holder." On at least two separate occasions, May 5 and May 16, 2016, Wanigas followed up with Ms. Parker to inquire as to the status of the Certificate of Title. Wanigas realized it would take time for the Michigan Secretary of State to send Ms. Parker the Certificate of Title, so it waited. On May 25, 2016, Ms. Parker filed her Chapter 13 Petition with this Court. As a result, the deadline for the filing of proofs of claim was established as September 28, 2016, and the initial date for confirmation of the Debtor's Chapter 13 Plan was set for August 11, 2016. That date was subsequently adjourned and the Debtor's Chapter 13 Plan was confirmed on September 23, 2016. Wanigas, being concerned that it did not have a Certificate of Title with its lien noted, timely filed an adversary proceeding against the Debtor on August 29, 2016. After the Chapter 13 Plan was confirmed on September 23, 2016, Wanigas filed its Proof of Claim on September 28, 2016. The Chapter 13 Trustee filed this instant Objection to Proof of Claim on April 12, 2017. The Court held an initial hearing regarding the Trustee's Objection on May 25, 2017, and adjourned the hearing to June 22, 2017, to allow Wanigas an opportunity to explain the details of this loan. Wanigas did exactly that in the form of an Affidavit of Mr. Lindsey, upon which the Court relies heavily in this Opinion.

2

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate).

Analysis

The Chapter 13 Trustee's position is that Wanigas failed to have its lien noted on the Certificate of Title of the Chrysler 200 and failed to deliver the necessary papers to the Michigan Secretary of State to accomplish that end. The Trustee relies heavily on *Frank v. Second Nat'l Bank of Saginaw (In re Gilbert)*, 82 B.R. 456 (Bankr. E.D. Mich. 1988), which held that a creditor who wishes to perfect a security interest in a motor vehicle must have its interest noted on the Certificate of Title or, failing that, show that the secured party delivered the necessary papers to have its lien noted. In *Gilbert*, the creditor, Second National Bank of Saginaw, prepared the necessary papers to have its lien noted on the debtor's 1984 Chevrolet. These papers were forwarded to the Michigan Secretary of State's office in Lansing, Michigan, but the Certificate of Title was returned without notation of Second National Bank's interest. The *Gilbert* court held that since Second National Bank took all necessary actions it could take and delivered the papers to the Michigan Secretary of State, the Chapter 7 Trustee could not avoid the interest of Second National Bank.

In response, Wanigas claims that it did take all necessary actions to have its lien noted on the Certificate of Title, but did not send the necessary paperwork to the Michigan Secretary of State because it did not have the Certificate of Title from the Debtor.[1]

---

[1] The Court notes that this issue is also the subject of the adversary proceeding by Wanigas against the Debtor. Wanigas seeks to have its obligation excepted from discharge pursuant to 11 U.S.C. § 523. The trial in this adversary proceeding was held in abeyance pending the outcome of the Trustee's Objection to Proof of Claim.

Wanigas seeks the protection afforded by *Gilbert* by claiming that its actions fit squarely within the *Gilbert* Court's parameters. This Court disagrees. In *Gilbert*, Second National Bank took all necessary and appropriate actions to have the papers delivered to the Michigan Secretary of State. Here, the Affidavit of Mr. Lindsey is clear that the necessary papers, Form TR-11L and the Certificate of Title, were not sent to the Michigan Secretary of State because Wanigas was waiting for the Debtor to provide the Certificate of Title. Unlike *Gilbert*, Wanigas in this case did not take all necessary actions to deliver the papers to the Michigan Secretary of State.

Wanigas also argues that the terms of the Chapter 13 Plan bind the Debtor, the Trustee, and Wanigas. Wanigas argues that since the Trustee did not object to confirmation of the Chapter 13 Plan, which treats Wanigas as a secured creditor, then the Trustee is estopped and barred from arguing differently.

The timing in this case, however, does not support the arguments of Wanigas. First, the Debtor's Chapter 13 Plan could have been confirmed as early as August 11, 2016, approximately 1 1/2 months before the Proof of Claim deadline of September 28, 2016. Here, confirmation was adjourned to September 22, 2016, and the Order Confirming Plan was signed September 23, 2016, all dates prior to the September 28, 2016, Proof of Claim deadline. It was physically impossible for the Trustee to know the exact nature of the Proof of Claim of Wanigas when the Debtor's Chapter 13 Plan was considered for confirmation on September 22, 2016. It was not until September 28, 2016, when Wanigas filed its Proof of Claim that the Trustee had a definite idea that the Wanigas Proof of Claim was deficient.

Wanigas counters this argument by stating that the Trustee could (and perhaps should have) adjourned confirmation of the Chapter 13 Plan until a date after the Proof of Claim deadline. This

argument has inherent weaknesses. First, Congress has set the deadline for the initial confirmation hearing, 11 U.S.C. § 1324(b)[2], because Congress has determined that Chapter 13 cases should be handled efficiently and expeditiously. Congress also realized, however, that creditors need time to file proofs of claim and set a later date for the filing of these proofs of claim. Congress has resolved this chicken and egg dilemma by directing this Court to consider confirmation earlier than the Proof of Claim deadline. Wanigas is correct that the Trustee or any party could request adjourning the confirmation hearing date until after all proofs of claim have been filed. From time to time, this Court does adjourn these hearing dates so that all parties know the entire scope of what obligations are owed by the Debtor and the nature of those obligations. The Court does so, however, sparingly and only when an unusual circumstance is present.

In this case, there is little to suggest that the Trustee should have taken the unusual step of requesting that this Court continue confirmation until after the Proof of Claim deadline. Other creditors wished to be paid as soon as possible and delaying confirmation postpones the first payment or payments to all creditors. Second, all interested parties assume that secured creditors act appropriately and take the necessary steps to perfect whatever security or mortgage interest is granted to them. In particular, Wanigas enjoys a stellar reputation of properly documenting and perfecting its security interests in its customers' personal and real property. There is little in the record to suggest that the Chapter 13 Trustee should have postponed confirmation until October or

---

[2] 11 U.S.C. § 1324(b) states as follows:

(b) The hearing on confirmation of the plan may be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a), unless the court determines that it would be in the best interests of the creditors and the estate to hold such hearing at an earlier date and there is no objection to such earlier date.

November of 2016 to examine all Proofs of Claim before any creditor gets paid. Absent unusual circumstances, such a procedure would frustrate the policy concerns and directives of Congress. Accordingly, the Court concludes that the argument of Wanigas that the Chapter 13 Plan binds or prohibits the Trustee from objecting to its Proof of Claim must fail.

Before concluding, however, the Court does note that it is regrettable that Wanigas is left with this result. As near as the Court can tell, Wanigas took extraordinary steps to attempt to provide some sort of interest rate relief to one of its members who had just signed on to an automobile loan with an interest rate of 23.95%. Wanigas reduced that rate to 5.99%, but did not take all necessary and appropriate steps to deliver the paper that would protect its interest. Wanigas aided one of its members by doing so, but placed itself in the way of harm in the form of the Trustee's Objection to Claim. Because the applicable law, and most notably *In re Gilbert*, require this result, the Court sustains the Trustee's Objection to Proof of Claim of Wanigas.

The Court will enter an Order consistent with this Opinion.

**Not for Publication**

**Signed on July 14, 2017**

/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**